UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JEFFREY STEINER,<br><br>    Plaintiff,<br><br>v.<br><br>BRACCO DIAGNOSTICS, INC., et al.,<br><br>    Defendants. | Case No. 5:18-cv-03830-EJD<br><br>**ORDER TO SHOW CAUSE** |

       Plaintiff Jeffrey Steiner initiated the above-entitled action directly in this court on the basis of diversity jurisdiction. As is its obligation, the court has reviewed the Complaint to determine whether Plaintiff has adequately established a basis for federal subject matter jurisdiction. See Henderson v. Shinseki, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."); see also Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002) ("[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action, even on appeal."). He has not.

       "Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co of Am., 511 U.S. 375, 377 (1994). "[S]ubject-matter jurisdiction refers to the court's statutory or constitutional power to adjudicate the case." Pistor v. Garcia, 791 F.3d 1104, 1110-11 (9th Cir. 2015) (internal quotations omitted). The court looks to the Complaint's jurisdictional allegations because "[a] party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir.

Case No.: 5:18-cv-03830-EJD
ORDER TO SHOW CAUSE

1

1996). To that end, Federal Rule of Civil Procedure 8 requires the plaintiff to provide "a short and plain statement of the grounds for the court's jurisdiction."

"For a case to qualify for federal jurisdiction under 28 U.S.C. § 1332(a), there must be complete diversity of citizenship between the parties opposed in interest." Kuntz v. Lamar Corp., 385 F.3d 1177, 1181 (9th Cir. 2004). Consequently, Plaintiff must "allege affirmatively the actual citizenship of the relevant parties." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001); accord DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n.3 (2006) (Because "federal courts lack jurisdiction unless the contrary appears affirmatively from the record, the party asserting federal jurisdiction when it is challenged has the burden of establishing it.").

Here, Plaintiff alleges in the Complaint that he is a resident of California. This statement is deficient for jurisdictional purposes because Plaintiff must allege his state of domicile, not merely allege his state of residence. See Kanter, 265 F.3d at 857 ("A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state.").

Moreover, the allegations concerning certain defendants are equally deficient. Three of them - Guerbet LLC, Mallinckrodt LLC, and Liebel-Flarsheim Company LLC - are limited liability companies, and Plaintiff alleges only their states of incorporation and principal places of business. But that is not enough. Plaintiff must establish the citizenships of each of these defendants' members because "an LLC is a citizen of every state of which its owners/members are citizens." Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). The court cannot confirm that diversity jurisdiction exists without this additional information for each limited liability company.

Because Plaintiff has not satisfied his obligation to affirmatively demonstrate federal subject matter jurisdiction, the court issues an order to show cause why this action should not be dismissed. If Plaintiff does not, by **July 10, 2018**, file a written response which establishes this court's jurisdiction in a manner consistent with the preceding discussion, the court will dismiss this action without prejudice. See Freeman v. Oakland Unified Sch. Dist., 179 F.3d 846, 847 (9th Cir. 1999).

Case No.: 5:18-cv-03830-EJD
ORDER TO SHOW CAUSE

No hearing will be held on the order to show cause unless otherwise ordered by the court.

**IT IS SO ORDERED.**

Dated: July 5, 2018

EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cv-03830-EJD
ORDER TO SHOW CAUSE

3